**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ANTONIO JERMAIN WATSON; DANNY
RAY BLAKE; and THERMAN MOORE                                                PLAINTIFFS

V.                                         3:05CV00083 JLH/HDY

POINSETT COUNTY JAIL                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge  (if such a  hearing is granted)  was not  offered at  the
      hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Background

Plaintiffs, prisoners at the Poinsett County Jail, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, alleging discrimination after an altercation at the jail. Plaintiff Watson was granted *in forma pauperis* status in an Order entered June 16, 2005 (docket entry #4). That same Order directed Plaintiffs Blake and Moore each to submit, within thirty (30) days, either the $250.00 filing fee, or a properly completed *in forma pauperis* application, and further directed each Plaintiff to file an Amended Complaint specifying the detention status of each Plaintiff, the names of the individuals alleged to be responsible for discrimination, how they were personally involved in constitutional violations, the nature of the injuries sustained, and how each Plaintiff was discriminated against, and by whom.

### II. Plaintiffs Moore and Watson

More than 30 days have now passed, and Plaintiff Moore has not submitted the $250.00 filing

fee or a properly completed *in forma pauperis* application.  Both Plaintiff Watson and Plaintiff Moore have failed to submit an Amended Complaint, and their Complaint should therefore be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.")

### III.  Plaintiff Blake

Plaintiff Blake has filed a Motion for leave to proceed *in forma pauperis* (docket entry #6), and has submitted a document entitled "To whom it may concern," that has been docketed as an Amended Complaint (docket entry #7).  That filing makes only general allegations, and, in violation of the Court's June 16, 2005, Order, provides no names of individuals who allegedly violated Plaintiff's rights.  Thus, the only named defendant in this case is the Poinsett County Jail.  Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  However, a jail is not a person or entity subject to suit under § 1983.  *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Accordingly, the Poinsett County Jail should be dismissed as a party to this action.  Because Plaintiff has named no other defendants, his Complaint (docket entry #2) should also be dismissed.

IT IS THEREFORE RECOMMENDED THAT the Plaintiffs' Complaint (docket entry #2) be DISMISSED WITHOUT PREJUDICE.

DATED this __4____ day of __August_____, 2005.

_____
UNITED STATES MAGISTRATE JUDGE